NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JOHN J. LULEJIAN (Cal. Bar No. 186783)
Assistant United States Attorney
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0721
    Facsimile: (213) 894-0141
    E-mail:   John.Lulejian@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REQUEST FROM GEORGIA FOR ASSISTANCE IN A CRIMINAL MATTER | No. 8 CR Misc. 1643 / 18CM01643<br><br>*EX PARTE* APPLICATION FOR ORDER APPOINTING COMMISSIONER; EXHIBIT |

    Applicant United States of America hereby applies to this Court *ex parte* for an order, pursuant to the United Nations Convention against Corruption, S. Treaty Doc. No. 109-6 (2004), as well as 18 U.S.C. § 3512, and its own inherent power, appointing Assistant United States Attorney John J. Lulejian as a Commissioner of the Court for the purpose of obtaining evidence sought by Georgia. This application is made pursuant to a Request for Legal Assistance in a

\\
\\
\\
\\

Criminal Matter from Georgia and is based on the aforementioned treaty and the attached Memorandum of Points and Authorities and Exhibit.

DATED: September 10, 2018                Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

/s/ John J. Lulejian
JOHN J. LULEJIAN
Assistant United States Attorney

Attorneys for Applicant
UNITED STATES OF AMERICA

# TABLE OF CONTENTS

PAGES

MEMORANDUM OF POINTS AND AUTHORITIES .................................................. 1

I. BACKGROUND ........................................................................................... 1

    A. SUMMARY ........................................................................................ 1

    B. FACTS ............................................................................................... 1

    C. ASSISTANCE REQUESTED ........................................................... 2

II. DISCUSSION ............................................................................................... 3

    A. THE ORDER SOUGHT IS APPROPRIATE TO ENABLE THE UNITED STATES TO FULFILL ITS TREATY OBLIGATIONS ............................................. 3

        1. The Treaty ............................................................................... 3

        2. Statutory Authority .................................................................. 5

    B. EXECUTION OF FOREIGN REQUESTS FOR ASSISTANCE UNDER THE TREATY AND SECTION 3512 ........................................................... 6

        1. Authorization of the Application to this Court ...................... 6

        2. Foreign Authority Seeking Assistance Within Section 3512 and the Treaty ........................................................... 7

        3. Authority of the Federal Courts Under Section 3512 ............. 8

    C. APPOINTMENT OF A PERSON AS COMMISSIONER TO COLLECT EVIDENCE .................................................................... 9

        1. Statutory Authorization ........................................................... 9

        2. Procedures for Evidence Collection ....................................... 9

            a. <u>Procedures Authorized by Other Statutes</u> ................. 10

            b. <u>Orders by the Person Appointed; Commissioner Subpoenas</u> .............................................................. 10

            c. Notice of Evidence Taking ........................................ 11

            d. Right to Financial Privacy Act .................................. 12

III. CONCLUSION ............................................................................................ 12

TABLE OF AUTHORITIES

**PAGES**

Page(s)

**Federal Cases**

Asakura v. City of Seattle,
   265 U.S. 332 (1924).................................................. 3

Barr v. U. S. Dep't of Justice,
   645 F. Supp. 235 (E.D.N.Y. 1986)..................................... 4

In re Commissioner's Subpoenas,
   325 F.3d 1287 (11th Cir. 2003)............................... 3, 9, 10

In re Erato,
   2 F.3d 11 (2nd Cir. 1993)....................................... 3, 10

In re Letter of Request for Judicial Assistance from the Tribunal
   Civil de Port-Au-Prince, Republic of Haiti,
   669 F. Supp. 403 (S.D. Fla. 1987)................................... 12

In re Letter of Request from the Crown Prosecution Serv. of the U.K.,
   870 F.2d 686 (D.C. Cir. 1989)..................................... 9, 11

In re Letters of Request from the Supreme Court of Hong Kong,
   821 F. Supp. 204 (S.D.N.Y. 1993).................................... 12

In re Letters Rogatory from the Tokyo Dist., Tokyo, Japan,
   539 F.2d 1216 (9th Cir. 1976)....................................... 11

In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.,
   634 F.3d 557 (9th Cir. 2011)....................................... 3, 5

United States v. Daccarett,
   6 F.3d 37 (2d Cir. 1993)............................................ 12

United States v. Schooner Peggy,
   5 U.S. (1 Cranch) 103................................................ 3

TABLE OF CONTENTS (CONTINUED)

PAGES

White v. National Football League,
   41 F.3d 402 (8th Cir. 1994) .................................. 9

Young v. U.S. Dep't. of Justice,
   882 F.2d 633 (2d Cir. 1989) ................................. 12

Zschernig v. Miller,
   389 U.S. 429 (1968) ......................................... 3

**Federal Statutes**

12 U.S.C. §§ 3401 .............................................. 12

18 U.S.C. § 2703 ............................................... 8

18 U.S.C. § 3123 ............................................... 8

18 U.S.C. § 3512 .......................................... passim

28 U.S.C. § 1782 ................................... 5, 9, 10, 11

**Federal Rules**

Fed. R. Crim. P. 57(b) ........................................ 10

Federal Rule of Criminal Procedure 41 .......................... 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

### A. SUMMARY

Pursuant to the United Nations Convention against Corruption, S. Treaty Doc. No. 109-6 (2004) (hereinafter the "Treaty"; copy of the Treaty attached hereto as Exhibit 1), the Government of Georgia has asked the United States for assistance in connection with a criminal proceeding underway in Georgia. The Treaty provides that "[t]he requesting State Party may require that the requested State Party keep confidential the fact and substance of the request, except to the extent necessary to execute the request." Ex. 1, Treaty, Art. 46(20). However, in this case, Georgia has not requested confidentiality.

Applicant United States of America asks that Assistant United States Attorney John J. Lulejian be appointed a Commissioner of the Court to carry out portions of the Request applicable to this judicial district.[1]

### B. FACTS

The facts of the Request may be summarized as follows:

Georgian authorities are investigating Global Crossing LLC and LLC Intercap Georgia, two companies owned by VICTOR LAPIN, also known as "Randy Craig Levin" ("LAPIN"), for money laundering. According to Georgian authorities, on or about April 13, 2017, and May 10, 2017, a total of approximately $ 20,000 was transferred to the account of Global Crossing LLC from a Bank of America account in the United

---

[1] A copy of the Request is not attached, because nationally, the government has ceased attaching mutual legal assistance requests to its filed Ex Parte Applications for Order Appointing Commissioner.

1

States belonging to T.V.P. On or about May 8, 2017, a total of approximately $ 31,481 was transferred to the account of Global Crossing LLC from a Heritage Oaks Bank account in the United States belonging to Continuing Church of God Overseer and Successors. Georgian authorities suspect money laundering because the funds received from the United States were moved by LAPIN to an LLC Intercap Georgia account, his personal account, or spent on a bank card owned by LAPIN. Based on their preliminary investigation, Georgian authorities believe that LAPIN is wanted by American authorities for fraud offenses.

Georgian authorities are investigating LAPIN for fraud and money laundering pursuant to the Criminal Code of Georgia.

C.  ASSISTANCE REQUESTED

With respect to the Central District of California, Georgian authorities have requested assistance in obtaining bank records from Bank of America and Heritage Oak Bank for T.V.P. and Continuing Church of God Overseer and Successors, both of which have branches within this district. Also, Georgian authorities have requested that American authorities interview T.V.P., who resides in Lancaster, California, and a representative of Continuing Church of God Overseer and Successors, whose corporate address is Grover Beach, California, regarding the above bank transfers, LAPIN, and other aspects of the Georgian money laundering investigation.

## II. DISCUSSION

### A. THE ORDER SOUGHT IS APPROPRIATE TO ENABLE THE UNITED STATES TO FULFILL ITS TREATY OBLIGATIONS

#### 1. The Treaty

The United States is seeking an order appointing a Commissioner to execute the Request from Georgia. A treaty constitutes the law of the land. See U.S. Const. Art. VI. The provisions of a treaty stand on equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924), amended, 44 S. Ct. 634 (1924); United States v. Schooner Peggy, 5 U.S. (1 Cranch) 103. To the extent that self-executing provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-441 (1968); In re Premises Located at 840 140th Ave. NE, Bellevue, Wash., 634 F.3d 557, 568 (9th Cir. 2011); In re Erato, 2 F.3d 11, 15 (2nd Cir. 1993).

The Treaty obligates to "States Parties shall afford one another the widest measure of mutual legal assistance in investigations, prosecutions and judicial proceedings in relation to the offences covered by this Convention." See Ex. 1, Treaty, Art. 46(1). The United States and Georgia entered into the Treaty to "promote, facilitate and support international cooperation and technical assistance in the prevention of and fight against corruption . . . ." Ex. 1, Treaty, Art. 1(a). The Treaty obligates each party to provide assistance to the other in investigations and prosecutions of offenses, and in proceedings related to criminal matters. See Ex. 1, Art. 38. See also In re Commissioner's Subpoenas, 325 F.3d 1287, 1290 (11th Cir. 2003). Each party contemplated that it would provide

3

the other with assistance generally comparable to that which is available to its own law enforcement authorities, which assistance includes taking testimony or statements of persons, providing documents and other evidence, and immobilizing assets See Ex. 1, Treaty, Art. 46(3). See also Barr v. U. S. Dep't of Justice, 645 F. Supp. 235, 237 (E.D.N.Y. 1986), aff'd, 819 F.2d 25 (2d Cir. 1987).

The Treaty and 18 U.S.C. § 3512 empower federal courts to execute treaty requests in order to comply with the United States' treaty obligations, including through the use of compulsory measures.

The Treaty may impose a dual criminality requirement as a precondition for providing assistance. See generally Ex. 1, Treaty, Art. 43(2). If dual criminality is considered a requirement, the conduct under investigation or prosecution must constitute an offence under the laws of the Requested State. See Ex. 1, Treaty, Art. 43(2). It is not clear from the Request whether there is a dual criminality requirement in the context of this multilateral treaty. Nonetheless, the conduct described in the Request (both fraud and money laundering) constitutes offenses under the laws of the United States, satisfying the dual criminality requirement, to the extent it is applicable.

The Treaty contains a non-exhaustive list of assistance that must be rendered upon proper request, which includes "locating or identifying persons or items," and "taking the testimony or statements of persons." Ex. 1, Treaty, Art. 46(3). It also includes "[a]ny other type of assistance that is not contrary to the domestic law of the Requested State Party" Ex. 1, Treaty, Art. 46(3)(i). The Treaty makes clear that the requirement that assistance be rendered

is mandatory and that the parties "shall provide mutual assistance." Ex. 1, Treaty, Art. 46(2).

### 2. Statutory Authority

The Treaty is designed to be self-executing and requires no implementing legislation. See also In re Premises Located at 840 140th Ave. NE, Bellevue, Wash., 634 F.3d at 568. However, because the procedural provisions in many treaties are minimal, in the past, federal courts routinely utilized procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute treaty requests from foreign authorities. Id. Substantive federal law regarding searches, seizures, and other compulsory processes further grounded the execution of such assistance requests.

On October 19, 2009, the President signed the Foreign Evidence Request Efficiency Act of 2009, Pub. Law No. 111-79, 123 Stat. 2086, which enacted 18 U.S.C. § 3512. Section 3512 explicitly authorizes a federal court to:

> issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

Section 3512 directly empowers federal courts to execute such requests and separately codifies under Title 18 the longstanding practice and procedures employed by the United States and the federal courts to execute requests by foreign authorities for assistance to the fullest extent possible under United States law. Congress enacted Section 3512 to make it "easier for the United States to

5

respond to these requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. S6807-01 (2009) (Statement of Sen. Whitehouse).

### B. EXECUTION OF FOREIGN REQUESTS FOR ASSISTANCE UNDER THE TREATY AND SECTION 3512

#### 1. Authorization of the Application to this Court

Section 3512 provides,

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation and prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing and restitution.

For purposes of Section 3512, an application is "duly authorized by an appropriate official of the Department of Justice" when the Office of International Affairs of the Department of Justice's Criminal Division has reviewed and authorized the request and is executing the request itself or has delegated the execution to another attorney for the government. Because of the facts and circumstances set forth in the Request, Section 3512(c) authorizes filing the instant application in the Central District of California.[2] Accordingly, the

---

[2] 18 U.S.C. § 3512 provides, in relevant part:

Request has been referred to this district for execution.

### 2. Foreign Authority Seeking Assistance Within Section 3512 and the Treaty

As to the "foreign authority" making the Request, Section 3512(h) provides,

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

In this matter the Office of the Chief Prosecutor, Ministry of Justice of Georgia, is the designated Central Authority in Georgia

---

(c) Filing of requests.-- Except as provided under subsection (d), an application for execution of a request from a foreign authority under this section may be filed--

    (1) in the district in which a person who may be required to appear resides or is located or in which the documents or things to be produced are located;
    (2) in cases in which the request seeks the appearance of persons or production of documents or things that may be located in multiple districts, in any one of the districts in which such a person, documents, or things may be located; or
    (3) in any case, the district in which a related Federal criminal investigation or prosecution is being conducted, or in the District of Columbia.

(d) Search warrant limitation. -- An application for execution of a request for a search warrant from a foreign authority under this section, other than an application for a warrant issued as provided under section 2703 of this title, shall be filed in the district in which the place or person to be searched is located.

for requests made pursuant to the Treaty. See Ex. 1, Treaty, Art. 46(13).

As evidenced by the Request itself and confirmed in the authorization process and again by the undersigned, consistent with Section 3512(a)(1), the foreign authority seeks assistance in the investigation or prosecution of criminal offenses or in proceedings related to the prosecution of criminal offenses.

3. **Authority of the Federal Courts Under Section 3512**

When enacting Section 3512, Congress intended that federal courts facilitate to the fullest extent possible the execution of requests by foreign authorities for assistance in criminal matters and endeavored to streamline and expedite the execution of such requests. Section 3512 authorizes federal courts to issue "such orders as may be necessary to execute a request" and specifically includes: orders for search warrants pursuant to Federal Rule of Criminal Procedure 41; orders for stored wire or electronic communications and related evidence under 18 U.S.C. § 2703; orders for pen registers and trap and trace devices under 18 U.S.C. § 3123; orders for the provision of testimony or other statements, or the production of documents or other things, or both; and orders appointing "a person" to direct the taking of testimony/statements or the production of documents or other things, or both. See 18 U.S.C. § 3512(a)(1), (2).

The assistance requested by Georgia pursuant to the Treaty by the Office of the Chief Prosecutor, Ministry of Justice of Georgia, in the instant Request falls squarely within that contemplated by both the Treaty and Section 3512.

C.  APPOINTMENT OF A PERSON AS COMMISSIONER TO COLLECT EVIDENCE

  1.  Statutory Authorization

Section 3512(b) provides that a federal judge may "issue an order appointing a person to direct the taking of testimony or statements or of the production of documents or other things, or both." The statute further authorizes the person appointed to issue orders requiring the appearance of a person, or the production of documents or other things, or both; administer any necessary oath; and take testimony or statements and receive documents or other things. In keeping with past practice under 28 U.S.C. § 1782, a federal court may appoint an attorney for the government, typically a federal prosecutor, as "commissioner."

  2.  Procedures for Evidence Collection

Section 3512(a) specifically empowers a federal judge to issue "such orders as may be necessary" to execute the request. This authorization encompasses orders specifying the procedures to be used to collect particular evidence, including procedures requested by the foreign authority to facilitate its later use of the evidence. In executing a request made pursuant to a treaty, a court has the obligation to prescribe effective and expeditious procedures designed to promote the purpose of the treaty. See In re Commissioner's Subpoenas, 325 F.3d at 1305. Nothing in Section 3512 suggests any limitation on a court's power to exercise "complete discretion in prescribing the procedure to be followed," as was available under 28 U.S.C. § 1782. In re Letter of Request from the Crown Prosecution Serv. of the U.K., 870 F.2d 686, 693 (D.C. Cir. 1989), (quoting S. Rep. No. 88-1580 (1964), reprinted in 1964 U.S.C.C.A.N. 3782, 3789. See White v. National Football League, 41 F.3d 402, 409 (8th Cir.

9

1994) (a court may issue whatever process it deems necessary to facilitate disposition of a matter before it); Fed. R. Crim. P. 57(b) ("A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district.").

### a. Procedures Authorized by Other Statutes

In addition, Section 3512 references specific federal laws for obtaining certain evidence and, by doing so, adopts any statutorily mandated procedures in relation to obtaining orders for search warrants; orders for contents of stored wire or electronic communications or for records related thereto; and orders for a pen register or a trap and trace device.

### b. Orders by the Person Appointed; Commissioner Subpoenas

Section 3512 authorizes the "person" appointed (here, and in past practice under 28 U.S.C. § 1782, the "commissioner") to issue orders "requiring the appearance of a person, or the production of documents or other things or both." Further, Article 46 of the Treaty implicitly provides for the issuance of procedural documents, such as subpoenas, to gather evidence by requiring that "[m]utual legal assistance shall be afforded to the fullest extent possible under relevant laws, treaties, agreements and arrangements of the requested State Party with respect to investigations, prosecutions and judicial proceedings . . . ." Ex. 1, Treaty art. 46(2).

The commissioner may issue a "commissioner's subpoena," to obtain the requested evidence. See In re Commissioner's Subpoenas, 325 F.3d at 1291 (incorporating in pertinent part a district court's order directing use of commissioner's subpoenas); In re Erato, 2 F.3d at 13-14 (same). Section 3512 expressly authorizes the service and

10

enforcement of such orders, or commissioner's subpoenas, anywhere in the United States (i.e., coextensive with the service of subpoenas in U.S. criminal investigations and prosecutions).

### c. Notice of Evidence Taking

As an initial matter, this application is being made ex parte, consistent with the practice of the United States in its domestic criminal matters and its prior practice on behalf of foreign authorities under 28 U.S.C. § 1782. In re Letter of Request from the Crown Prosecution Serv. of the U.K., 870 F.2d at 688; In re Letters Rogatory from the Tokyo Dist., Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976). The Treaty itself contemplates the need for confidentiality with respect to all aspects of the execution of requests. See Ex. 1, Treaty, Art. 46(20). In this case, however, Georgia has not requested that the United States treat its request and the execution of its request as confidential.

Section 3512 authorizes the use of compulsory process in the execution of treaty requests comparable or similar to that used in domestic criminal investigations or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any party other than the recipients (i.e., no notice to targets or defendants), orders and commissioner's subpoenas issued in execution of treaty requests pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. In the absence of a specific request to provide notice, a district court and United States authorities can assume that a requesting foreign authority has provided such notice as the foreign law requires, or that foreign law does not require notice and the requesting foreign authority does not

11

consider notice to be necessary or useful. Accordingly, a federal district court should authorize a commissioner to collect the evidence requested without notice to any party other than the recipient of the commissioner's subpoena except to the extent that a request asks for specific notice procedures.

### d. Right to Financial Privacy Act

The Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., does not apply to execution of foreign legal assistance requests. Young v. U.S. Dep't. of Justice, 882 F.2d 633, 639 (2d Cir. 1989); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993). Consequently, to the extent that execution of a request entails production of bank or financial records, notice provisions of the Act do not apply, and the commissioner need not give, nor arrange for the custodian of records to give, notice to an account holder.[3]

## III. CONCLUSION

For the reasons stated above, the United States respectfully requests that this Court issue an order in the form lodged separately herewith appointing Assistant United States Attorney John J. Lulejian as a Commissioner to execute portions of the Request, and authorizing said Commissioner to take such actions as are necessary to comply with the Request, including the issuance of compulsory process in the

---

[3] The Act itself applies only to accounts maintained in a person's name and not to corporate, perhaps even partnership, accounts. United States v. Daccarett, 6 F.3d 37, 50-52 (2d Cir. 1993).

form of Commissioner's orders or subpoenas, the administration of oaths to witnesses, and the taking of sworn testimony.